IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

NATIVIDAD MERCADO MEDINA,
        Movant,

-vs-

UNITED STATES OF AMERICA,
        Respondent.

Case No. A-17-CA-612-SS
[No. A-16-CR-011-1-SS]

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Natividad Mercado Medina (Mercado)'s Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#226], Mercado's Supporting Brief [#227], the Government's Response [#236] in opposition, and Mercado's Reply [#240] in support. Having reviewed the file, the documents, and the governing law, the Court now enters the following opinion and orders.

### Background

On January 19, 2016, Mercado was charged with conspiracy to commit mail fraud in violation 18 U.S.C. §§ 1341 and 1349. Indictment [#235]. On February 2, 2016, Medina was arrested in Georgia and subsequently transferred to Austin. Mercado pled guilty on May 16, 2016. Findings of Fact [#117] at 1.

The plea was entered before Magistrate Judge Andrew Austin. At the plea colloquy, both Mercado's counsel and an interpreter were present. May 16, 2016 Tr. [#231] at 1. In response to Judge Austin's inquiries, Mercado indicated she had met with her attorney about her case, she had spoken to her attorney about all important matters in her case, and she was satisfied with her attorney's representation. *Id.* at 6. Judge Austin also confirmed with Mercado the plea agreement had been



translated into Spanish before she signed it. *Id.* at 7. Judge Austin verified Mercado understood the plea agreement was not binding on this Court and no one had promised Mercado a specific sentence. *Id.* at 13–14, 20–21. Finally, Judge Austin also asked Mercado if she understood her right to appeal her conviction or sentence was limited to a challenge based on ineffective assistance of counsel or prosecutorial misconduct. *Id.* at 11. Mercado answered she understood that limitation. *Id.* at 12.

In a judgment entered on August 16, 2016, this Court sentenced Mercado to 121 months of imprisonment followed by three years of supervised release. *See* J. & Commitment [#175]. Mercado was also ordered to pay a $100 assessment. *Id.* At the sentencing, Mercado's counsel and an interpreter were both present. Aug. 12, 2016 Tr. [#232] at 1. The Court confirmed Mercado reviewed the probation department's presentence report (PSR) with her attorney and offered Mercado the change to speak to the Court about any matter. *Id.* at 24–25. Mercado took that opportunity to apologize to the Court and the Government. *Id.*

As part of sentencing, the Government moved for a downward departure from the guideline range set by the Court, advocating for a 63–78 month sentence rather than a 121–151 month sentence. *See id.* at 24, 27. While the Court ultimately denied the Government's motion for a downward departure, the Court considered the Government's reasons for seeking a departure and sentenced Mercado at the bottom of the guidelines to 121 months. *Id.* at 28. Finally, the Court informed Mercado she had 14 days to file a notice of appeal and provided Mercado with a letter confirming her right to appeal and the deadline. *Id.* at 32. No direct appeal was taken in this case.

On June 7, 2017, Mercado placed her Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 in the prison mail system. Mot. Vacate [#226] at 13. In her motion and supporting brief, Mercado asks the Court to vacate her sentence, alleging she received ineffective

assistance of counsel. *Id.* at 4–6, 13. The Government responded to Mercado's § 2255, and Mercado subsequently filed a reply. Resp. [#236]; Reply [#240]. The motion is now ripe for the Court's consideration.

## Analysis

### I. Legal Standard

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after is it presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith,* 32 F.3d 194, 196 (5th Cir. 1994). A defendant's claim of ineffective assistance of counsel gives rise to a constitutional issue and is cognizable pursuant to § 2255. *United States v. Walker,* 68 F.3d 931, 934 (5th Cir. 1996).

To prevail on a claim of ineffective assistance of counsel, a movant must show that (1) his counsel's performance was deficient and (2) that the deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

First, counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson,* 178 F.3d 309, 312 (5th Cir. 1999). A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Strickland,* 466 U.S. at 689. Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Id.*

Second, to demonstrate prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane,* 178 F.3d at 312. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* at 312–13 (internal quotation marks omitted) (quoting *Ransom v. Johnson,* 126 F.3d 716, 721 (5th Cir. 1997)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

## II. Application

Mercado claims she received ineffective assistance of counsel because (1) counsel erroneously advised her to sign a revised plea agreement minutes before sentencing; (2) counsel misinformed her that her sentence would be reduced if she cooperated, but he failed to attend a meeting regarding leadership role enhancement; (3) and counsel failed to file evidence showing she was coerced to participate in the conspiracy. Mot. Vacate [#226] at 4–6. Because Mercado does not carry her burden of showing her counsel's representation was deficient, the Court DENIES Mercado's § 2255 motion. The Court explains its reasoning for each of Mercado's alleged grounds for relief below.

First, Mercado's allegation her counsel improperly advised her to sign a plea agreement a few minutes before sentencing appears unfounded. The only plea agreement in the record was signed by Mercado on May 11, 2016, and indicated the maximum possible prison term was 20 years. *See* Plea

Agreement [#96]. Judge Austin took that plea on May 16, 2016, and informed Mercado of her rights. R. & R. [#117]. Although Mercado complains she cannot read or speak English, Judge Austin specifically confirmed with Mercado received the plea agreement in Spanish before she signed it. May 16, 2016 Tr. at 7. There is no indication in the record Merado signed or even was presented with a revised plea agreement. Mercado provides no evidence of an alternative plea deal.

Additionally, the record indicates Mercado was informed she was facing a sentence ranging from 121 to 151 months of imprisonment. *See* Plea Agreement [#96] at 1; PSR [#130] at 15 (recommending 121 months to 151 imprisonment). At the plea colloquy, Mercado indicated she understood this Court would make the final sentencing determination, any plea agreement was not binding on this Court, and no one promised her what her sentence would be. May 16, 2016 Tr. [#231] at 13–14, 20–21. At her sentencing, Mercado confirmed she had the opportunity to review her PSR, and thus the sentencing ranges of 121 to 151 months, with counsel. Aug. 12, 2016 Tr. [#232] at 24–25. Mercado was given an opportunity to speak to the Court and made no mention of any revised plea deal. *Id.* Simply put, there is no evidence suggesting Mercado relied on erroneous advice from counsel in accepting a last-minute plea deal.

For the same reasons, Mercado's argument her counsel incorrectly informed her the leadership role enhancement would be dropped if she cooperated with the Government lacks merit. Instead, the record indicates Mercado was repeatedly notified this Court retained authority over her sentence and that she could be sentenced to a maximum of 20 years of imprisonment. Again, Mercado indicated she understood her plea agreement was not binding on this Court. Mercado also verified no one had promised a specific sentence. At both her plea colloquy and sentencing, an interpreter was present to ensure Mercado could communicate and understand the proceedings. At no point did Mercado voice

any questions or concerns. Thus, the Court finds no evidence Mercado's counsel misinformed her that her sentence would be reduced if she cooperated.

Furthermore, even if Mercado's counsel failed to attend a meeting with the Government regarding leadership role enhancement and such an absence was unreasonable, Mercado fails to show a reasonable probability that the result of the proceedings would have been different. Although the leadership role enhancement was maintained, *see* PSR [#130] at 7, the Government did move for a downward departure. The Court denied that downward departure, but did sentence Mercado at the bottom of her guideline range. Mercado does not demonstrate how her counsel's presence at an alleged meeting with the Government would have altered her sentence, especially in a case where the Government filed a motion for a downward departure. Consequently, Mercado fails to prove a reasonable probability of a different outcome.

Finally, Mercado's claim of coercion is completely unsupported. Although Mercado claims her counsel failed to share with the Court a video tape and audio tape indicating her boss threatened to kill her brother unless she cooperated in the conspiracy, Mercado offers no evidence to support this claim. Mercado made no mention of any such evidence or even the possibility she was coerced into her crime before filing her § 2255 motion.

In sum, there is no evidence to support Mercado's conclusory allegations of ineffective assistance of counsel. Conclusory allegations cannot bear the weight of a claim of ineffective assistance warranting collateral relief from a conviction. *See United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) ("[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."). Therefore, the Court DENIES Mercado's motion to vacate, set aside, or correct her sentence.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing § 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The United States Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Mercado's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

## Conclusion

Accordingly,

IT IS ORDERED that Movant Natividad Mercado Medina's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#226] is DENIED; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 6th day of November 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE